UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-81456-CIV-RYSKAMP/VITUNAC

AMMAR ABDIN,

    Plaintiff,

v.

AMERICAN SECURITY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING MOTION TO COMPEL

THIS CAUSE comes before the Court pursuant to Defendant's Motion to Compel, filed February 16, 2010 **[DE 17]**. Plaintiff responded on February 23, 2010 **[DE 18]**. Defendant replied on March 3, 2010 **[DE 19]**. This motion is ripe for adjudication.

### I.  FACTS

This action stems from September 2004 hurricane damage to a Lake Worth, Florida dwelling. According to the Complaint, on or about September 4, 2004, a covered loss occurred at the insured property as a result of Hurricane Frances. Plaintiff reported the loss to Defendant within days.

The Complaint alleges that Defendant paid only a fraction of the loss. Plaintiff therefore demanded an appraisal, but such never occurred. The appraisal never occurred allegedly due at least in part to the demand's listing the incorrect date of loss. On or about April 17, 2009, Defendant offered an additional payment, but Plaintiff still considered this amount insufficient.

Plaintiff has filed this action to compel an appraisal and for breach of contract. Plaintiff

seeks $201,197.85, what Plaintiff believes is the net amount of the dwelling loss.

## II.   LEGAL STANDARD

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed.R.Civ.P. 26(b)(1).  Courts construe this language to permit "open disclosure of all potentially relevant information."  Burns v. Thiokol Chemical Corp., 483 F.2d 300, 307 (5th Cir. 1973).[1]  The scope of discovery is limited, however.  The information sought must be relevant and not overly burdensome to the responding party.  Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11th Cir. 1992) (citing Trevino v. Celanese Corp., 701 F.2d 397, 406 (5th Cir. 1983)).  Discovery should be tailored to the issues involved in the particular case.  Id.  Local Rule 26.1.G.3(a) requires that all grounds for objections to discovery be stated with specificity.  Local Rule 26.1.G.3(a) also provides that "[a]ny grounds not stated in an objection [to a discovery request] within the time provided by the Federal Rules of Civil Procedure, or any extension thereof, shall be waived."

## III.   DISCUSSION

**Request for Production No. 2**

Defendant seeks "[a]ny and all applications, insurance policies, files, records, letters, notes, and/or other written communications which pertain to the loss which is at issue in this lawsuit.  Defendant limits the requested documentation to "applications, insurance policies, files, records, letters, notes, and/or other written communications."  In response, Plaintiff states that

---

[1] Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) made binding on the Eleventh Circuit all decisions of the Fifth Circuit decided prior to September 30, 1981.

"this is an overly broad, unduly burdensome, nonspecific 'catchall' request that essentially seeks any and all documentation pertaining to the subject loss without categorization or limitation, thus making it prohibitively difficult to Plaintiff to respond."

"[O]bjections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless and are deemed without merit by this Court." Guzman v. Irmaden, Inc., 249 F.R.D. 399, 400 (S.D. Fla. 2008).  Defendant did not make a blanket statement asking for any and all documents without specifically stating the types of documents sought.  Instead, Defendant propounded a request that is narrowly tailored to "applications, insurance policies, files, records, letters, notes, and/or other written communications."  Plaintiff is instructed to respond to this discovery request.

**Request for Production No. 9**

Defendant asks for "all insurance policies procured by you within the past 20 years for the property at issue in this lawsuit."  Plaintiff responded by stating that there are "none known to be in Plaintiff's possession."

Defendant requests that Plaintiff make the requisite effort to obtain the responsive documents that are under his control.  Cherenfant v. Nationwide Credit, Inc., No. 03-60655-CIV, 2004 WL 5315889, at *2 (S.D. Fla. 2004) (holding that a party is required to produce not only documents in his possession, but also documents over which he has control).

A party who simply argues that the documents do not exist must show the effort undertaken in this regard.  In Socas v. Northwestern Mut. Life Ins. Co., No. 07-20336-CIV, 2008 WL 619322, at *3 (S.D. Fla. 2008), the Court ordered a party to file a sworn statement that

4

> (1) addresses whether she has taken all steps necessary to comply with her obligation to produce all responsive records within her possession or control, such as demanding responsive documents that are within her control but in the possession of third parties, and searching all electronic sources of potentially responsive documents; (2) describes, in detail, the efforts she undertook to respond to this discovery request; and (3) explains her failure to produce the documents that State Farm produced.

Plaintiff shall provide a sworn statement detailing every affirmative step taken to procure the requested documents. If Plaintiff is unable to obtain the requested documents, the statement shall also state the reason(s) why Plaintiff was not able to obtain said documents.

### Request for Production No. 11

Defendant asks for

> all original documents, including but not limited to receipts, cancelled checks or any other documents which evidence any repairs to the insured property at any time since you have owned it. This request includes, but is not limited to, all documents and records evidencing the repairs to the insured property subsequent to the September 4, 2004, and July 18, 2008 losses. This request contemplates the original invoices from contractor.

Plaintiff responded, stating that

> to the extent that this request seeks documentation regarding repairs wholly unrelated to the portions of the subject property affected by the subject loss and at issue in this dispute (ie. roof), the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of information with any potential relevance to the disputed issues in this action.

This objection contains the meaningless boilerplate language that Courts have found to be inappropriate. Additionally, this objection mischaracterizes the nature of this action. This

5

lawsuit alleges that there was a "covered loss" at the "insured property as a result of Hurricane Frances." Nowhere in this complaint does it specify that the insured seeks damages relating only to his roof. Moreover, the public adjuster's estimate submitted alleges damage to the following areas of the property: roof, pool/patio enclosure, pool heater and pump, pool, bathroom one, bath hall, kitchen, great room, Florida room, master bedroom, hall2 and bed2. Any and all documentation regarding repairs to the property are necessary for Defendant to understand the scope of the damages claimed and to aid in the determination of whether the repairs and damages claimed are related to Hurricane Frances. Plaintiff is instructed to respond to this discovery request.

**Request for Production No. 14**

Defendant asks for "all medical records of any persons whom you are claiming were injured as a result of American Security Insurance Company's actions or lack thereof." Plaintiff objects by stating

> notwithstanding that one or more members of Plaintiff's household may have suffered some aggravation of pre-existing medical conditions (ie. allergies and/or asthma) as a result of dampness and/or mold attributable to the subject loss, the subject Policy of Insurance does not provide coverage for such medical damages and therefore this request is not reasonably calculated to lead to the discovery of evidence with any potential relevance to the disputed issues in this action; any such medical damages would or could constitute extra-contractual damages that would be at issue only in a separate, subsequent action for bad faith, which pursuant to well-settled Florida law cannot be brought until there is an adjudication of the underlying breach of contract action.

This response contradicts Plaintiff's response to Defendant's interrogatories. In interrogatory No. 4, Defendant asked "are you claiming that there were any medical damages to

yourself or any person in your household as a result of damage from Hurricane Frances?" In response, Plaintiff wrote that "there may have been some aggravation of my children's allergies and asthmatic conditions as a consequence of moisture, dampness and possibly mold attributable to the storm damage, but I have not obtained any expert medical opinions on that."

Unless and until Plaintiff acknowledges in writing that there were no medical damages as a result of the storm damages Plaintiff must be permitted to probe into the nature of the damages claimed by the plaintiff, including his family's medical damage.  Plaintiff is instructed to respond to this discovery request.

**Request for Production No. 22**

Defendant asks for "evidence of payments made by you or on your behalf to any contractor including but not limited to cancelled checks, receipts, credit card statements, bank withdrawals or any other documents evidencing same as a result of the loss ... " Plaintiff responded that there are "none known to be in Plaintiff's possession."  Plaintiff must procure any and all documents that are in his custody, possession, or control, which may include effort on his party to procure the documentation from credit card companies, banks or others.  Plaintiff shall make all efforts necessary to obtain this information.  If these efforts are fruitless, Plaintiff shall submit a statement to the Court detailing the efforts taken and the reasons the efforts were unsuccessful.

## IV.   CONCLUSION

THE COURT, being fully advised and having considered the pertinent portions of the record, hereby

ORDERS AND ADJUDGES that Defendant's Motion to Compel, filed February 16,

7

2010 **[DE 17]**, is GRANTED.  Plaintiff shall respond to the discovery requests and/or file his statement with the Court within fifteen (15) days of the date of this Order.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 29th day of March, 2010.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE
